## GROSS v. STATE TAX COMMISSION

Alan Gross, Portland, submitted briefs for plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem, submitted briefs for defendant.

Decision for defendant rendered June 22, 1964.

PETER M. GUNNAR, Judge.

This is a suit for refund of Oregon personal income taxes for the tax year 1962.

Plaintiff was employed in Oregon from August 6, 1962 through December 31, 1962. His total income for

the year was $1,793.00, of which $64.00 was withheld as Oregon personal income tax. In his 1962 personal income tax return plaintiff computed his tax using the optional tax table provided by ORS 316.075 and claimed a refund of $35.30. Defendant recalculated plaintiff's tax on the standard basis and issued a refund of only $19.00. Plaintiff appealed to defendant for the balance he claimed by use of the optional tax table. After defendant denied his appeal in its Opinion and Order No. I-63-23, plaintiff brought this suit to set aside defendant's order and to allow his claimed refund.

Defendant demurred to the complaint on the grounds that it does not state sufficient facts to constitute a cause of action. Both parties rest their cases upon this demurrer.

The demurrer presents a single question. Can a taxpayer, whose income is subject to Oregon income tax for a period of less than 12 months during his tax year, elect to pay tax in accordance with the optional tax table provided by ORS 316.075?

ORS 316.075(1) states that "In lieu of the tax imposed by ORS 316.055, and subject to the conditions of ORS 316.365," the following may make use of the tax table "an individual or husband and wife filing a joint return whose adjusted gross income for the tax year is not more than $8,000  *  *  *." It directs the State Tax Commission to prepare an optional tax table in accordance with the provisions of the statute. In preparing this tax table, the commission used full-year, nonapportioned personal exemptions and dependency credits.

ORS 316.365, to which ORS 316.075 is expressly subject, states in subsection (e):

"(e) A taxpayer whose income is subject to tax under the jurisdiction of the State of Oregon for

less than 12 months during the taxpayer's regular tax year, requiring the apportionment of personal exemptions and credits pursuant to subsection (3) of ORS 316.455, may elect to use the standard deduction described in paragraphs (a) of this subsection, regardless of the amount of his adjusted gross income."

Subsection (3) of ORS 316.455 referred to in ORS 316.365(e) states:

"(3) The personal exemptions and credits shall be apportioned, under rules and regulations prescribed by the commission, in accordance with the number of months before and after a change in the status of the taxpayer during the tax year by reason of:

"(a) The death of the taxpayer, unless a joint return is filed for the taxpayer and his surviving spouse for the year of the taxpayer's death.

"(b) The taxpayer becoming a resident of this state.

"(c) The taxpayer becoming a nonresident of this state.

"(d) The taxpayer becoming subject to the personal income taxation laws of this state.

"(e) The taxpayer ceasing to be subject to the personal income taxation laws of this state.

"* * * * *

Read together these various statutes conflict in their application.

■■ By statutory mandate, it is the judge's office, when construing statutes, to ascertain the intent of the legislature. ORS 174.020. When several statutory provisions are involved, the judge must adopt that construction which will give effect to all, if possible. ORS 174.010.

■ ORS 316.075, on which the plaintiff relies, must not be read without reference to the apportion-

ment requirements for part-year residents in ORS 316.365 and ORS 316.455. To allow part-year residents to use the optional tax table which has not apportioned personal exemptions and dependency credits would have the effect of repealing ORS 316.455(3). Implied repeal is not favored. *Appleton v. Oregon Iron & Steel Co.*, 229 Or 81, 84, 358 P2d 260, 366 P2d 174 (1961). Since the legislative intent is clearly and specifically stated that part-year residents must apportion personal exemptions and credits, the contrary intent cannot be implied from a reading of ORS 316.075.

Yet plaintiff contends that the last two sentences of ORS 316.075(1) expressly allows the use of the optional tax table by part-year residents. The sentences are as follows:

"* * * Such exemption shall not, however, be prorated in case the taxpayer's status changes during his tax year, but the taxpayer's exemption status shall be determined as of the last day of his tax year, unless the taxpayer's spouse dies during such tax year, in which case the determination shall be made as of the date of such death. In the case of husband and wife making separate returns, the married exemption shall be divided equally between them."

The status referred to in these sentences is the marital status and not a change in residency. This is clear from not only the meaning and content of the surrounding language but also the language of the exemption and dependency statute, ORS 316.455. Speaking of the marital exemption, ORS 316.455(b) uses the following similar language:

"* * * the determination of whether an individual is a married individual shall be made as of the last day of the tax year of the taxpayer, unless one of the spouses dies during the tax year of the

taxpayer, in which case the determination shall be made as of the date of such death."

The "taxpayer's exemption status" in ORS 316.075 and the taxpayer's marital exemption in ORS 316.455 (b) are the same. Also, ORS 316.455(3) directs apportionment of personal exemptions and credits in specific changes of status and does not include the marital status except with reference to death in subsection (3)(a).

It has been said many times that it is the spirit of the law that breathes life into the letter of the law. Here, however, plaintiff has added a little too much of the spirit and not enough of the letter. The only consistent interpretation of these statutes and their application denies the optional tax table to a part-year resident.

Defendant shall prepare a decree in accordance with this decision, disallowing plaintiff's claimed refund and allowing defendant its costs herein.